NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIELA CAILEAN, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MARTIN J. O'MALLEY, Commissioner of Social Security, <br><br> Defendant - Appellee. | No. 24-596 <br><br> D.C. No. 2:23-cv-00122-JAT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted November 6, 2024**
Phoenix, Arizona

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

Daniela Cailean appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. "We review de novo

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's order affirming the [administrative law judge's ('ALJ's')] denial of social security benefits and reverse only if the decision was not supported by substantial evidence or is based on legal error." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

1. Cailean argues that the ALJ improperly discounted her testimony about the severity of her subjective symptoms. "Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015) (citation omitted).

Before the ALJ, Cailean alleged a disability beginning on July 15, 2017. Before the district court, Cailean amended her claim to a closed period of benefits, from July 15, 2017 to December 20, 2020.

The ALJ discounted Cailean's symptom testimony because it was not entirely consistent with: (1) the effectiveness of her May 2020 spine surgery; and (2) her activities of daily living as indicated in her adult function report and hearing testimony. In particular, the ALJ focused on Cailean's return to full-time

work.

"The ALJ discredited [Cailean's] testimony as a whole, but [the ALJ's] decision does not sufficiently consider the duration of, or chronological fluctuation in, [Cailean's] symptoms." *Smith v. Kijakazi*, 14 F.4th 1108, 1112 (9th Cir. 2021). "The ALJ therefore erred by disregarding *all* of [Cailean's] testimony, including the portion about [her] early-period incapacity, on the basis of inconsistencies only clearly applicable to the late-period testimony." *Id.* at 1113. In other words, "the ALJ erroneously rejected [Cailean's] *early-period testimony*, since the ALJ provided no specific, clear, and convincing reasons to find this portion of [Cailean's] testimony not credible." *Id.* "We therefore hold that, although the ALJ properly determined that [Cailean's] testimony was not credible regarding [her] capacity in the later period of [her] disability claim, the ALJ erred in rejecting [Cailean's] testimony wholesale without explaining how [the ALJ's] rationale for finding the late-period testimony not credible applied to the early-period testimony." *Id.* at 1114.

2. Cailean also argues that the ALJ improperly rejected the medical opinions of Dr. Salari, Cailean's orthopedic surgeon. Under the applicable regulations, "an ALJ's decision . . . to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* C.F.R. § 404.1520c(a), (c)(1)-(5) (setting forth factors for

evaluating a medical opinion, the most important of which are supportability and consistency).

The ALJ discounted the opinions of Dr. Salari because they were: (1) internally inconsistent; and (2) inconsistent with the objective medical evidence and Cailean's testimony. Substantial evidence supports that there were some internal inconsistencies in Dr. Salari's opinions. However, the ALJ's error in failing to consider whether Cailean was disabled for the early portion of the alleged period may have affected the ALJ's assessment of Dr. Salari's opinions. Therefore, we remand for the ALJ to reassess Dr. Salari's opinions.

3. In addition, Cailean argues that the ALJ improperly discounted third-party function reports by her friend, including one report from before Cailean's May 2020 surgery. The ALJ's error in failing to consider whether Cailean was disabled for the early portion of the alleged period may have also affected the ALJ's assessment of at least one of her friend's reports. Therefore, we also remand for the ALJ to reassess Cailean's friend's reports.

4. Cailean argues that the ALJ's hypothetical question to the vocational expert did not set out all her limitations because the ALJ improperly discounted the evidence noted above. On remand, the ALJ may reconsider the vocational expert's testimony if necessary.

5. We decline Cailean's request to apply the "credit-as-true" rule and

4                                                                    24-596

remand for an award of benefits. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014) (setting forth three-part "credit-as-true" rule and noting that it is only satisfied in "rare circumstances"). Accordingly, we remand Cailean's disability application to the district court to remand to the agency for further proceedings.

**REVERSED AND REMANDED**.